UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IRVING ACQUSITION, INC., and<br>MERITURN PARTNERS, LLC,<br><br>    *Plaintiffs*<br><br>v.<br><br>MICHAEL W. KAPLAN, et al.,<br><br>    *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | *No. 2:13-cv-271-JAW* |
| | | *Consolidated with* |
| MICHAEL W. KAPLAN, et al.,<br><br>    *Plaintiffs*<br><br>v.<br><br>MERITURN PARTNERS, LLC,<br>MARK W. KEHAYA, FRANKLIN<br>STALEY, and LEE C. HANSEN,<br><br>    *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | *No. 2:13-cv-275-JAW* |

***MEMORANDUM DECISION ON MOTION TO STAY***

    Michael W. Kaplan, M. Stephen Kaplan, Marjory A. Kaplan, Glenyce S. Kaplan Lifetime Trust-1994, Prime Tanning Co., Inc. Voting Trust 1994, Estate of Leonard D. Kaplan, Steven A. Goldberg, Glenyce S. Kaplan, Eliseo Pombo, and Robert P. Moore (the "Kaplan parties"), move (ECF No. 16) to stay this consolidated action pending the resolution of a matter now pending in the United States Bankruptcy Court for the District of Maine entitled *Development Specialists, Inc., as Trustee of the Irving/Prime Creditors' Trust, et al. v. Michael W. Kaplan, et al.* (*In Re Irving Tanning Company, et al.*)*,* Adv. Pro. No. 12-01024 (the "Adversary Proceeding").

Meriturn Partners, LLC, Mark W. Kehaya, Franklin Staley, and Lee C. Hansen (the "Meriturn parties") have moved (ECF No. 13) to dismiss the complaint filed against them (ECF No. 1). Oral argument was held on both motions before me on January 6, 2014.

For the reasons that follow, I grant the motion to stay and, accordingly, need not reach the motion to dismiss.

## I. Background

The parties agree that one issue in the Adversary Proceeding is the validity of a release between, *inter alia*, Prime Tanning Company, Inc., Meriturn Partners, LLC, Irving Acquisition, Inc., the Estate of Leonard Kaplan, the Glenyce S. Kaplan Lifetime Trust-1994, and several individuals. *See* Release Agreement (Exhibit A to Motion to Dismiss Complaint (ECF No. 13)). Motion to Stay All Further Proceedings Pending Resolution of Development Specialists, Inc., as Trustee, v. Kaplan, et al. ("Motion") (ECF No. 16) at 2-4; Opposition to Motion to Stay ("Opposition") (ECF No. 18) at 2-3. The Kaplan parties contend that this action should be stayed, as one possible outcome in the Adversary Proceeding will effectively moot the claims of Irving Acquisition, Inc. and Meriturn Partners, LLC (the "Irving parties") in this action. The Irving parties respond that only one of their two theories of recovery will be affected by the outcome of the Adversary Proceeding, if at all, and they are entitled to judgment on the other claim, making a stay inappropriate.

The complaint in Docket No. 2:13-cv-271-JAW seeks indemnification for any losses arising out of certain lawsuits in the state and federal courts of Missouri (Count I) and alleges misrepresentation by failure to disclose facts leading to the claims made against the plaintiffs in the Missouri cases (Count II). Complaint (ECF No. 1) at 7-8. The complaint in the Adversary Proceeding alleges, *inter alia,* that the Kaplan parties entered into a fraudulent conveyance when

2

they executed a release agreement with the debtor in the initial bankruptcy proceeding. Complaint, *In re Irving Tanning Company, et al.*, Case No. 10-11757-LHK (Exh. A to Complaint) at 33-43. The Kaplan parties, as defendants in that action, have pleaded, *inter alia*, that the Release Agreement is not void and constitutes a complete release of all claims asserted against them in the Adversary Proceeding. Motion at 3.

## II. Discussion

The Kaplan parties contend here that, if the bankruptcy court determines that the Release Agreement is valid, all of the claims pending against them there are barred, and dismissal of the instant action will be required. *Id*. at 4. The potential for this court to come to a conclusion different from that of the bankruptcy court concerning the Release Agreement, as well as the possibility that the instant case will become moot, suggest that a stay of this action pending the outcome of the bankruptcy court case is advisable, they argue.

The plaintiffs in the instant action, the "Meriturn parties," respond that the Kaplan parties' claims in the instant case "fail on the merits regardless of the Release." Opposition at 2. "[I]f the Court agrees with the Meriturn [parties] that this case should be dismissed as a matter of law, the outcome of the Adversary Proceeding provides no occasion to delay that dismissal." *Id*. However, that is a very large "if." If this court were to devote the time and effort necessary to rule on the motion to dismiss, and deny the motion, then that devotion of time and effort might well be wasted, if the bankruptcy court were to find the release valid. As the Kaplan parties note, the claims that they assert here "are entirely derivative in nature," Reply to Meriturn Parties' Opposition to Motion to Stay All Further Proceedings ("Reply") (ECF No. 22) at 3. If the bankruptcy court finds the Release Agreement to be valid, "there will be no damages for

3

which the Kaplan [parties] are seeking indemnity or contribution[.]" and, thus, no need for further litigation in this case. *Id.*

The Meriturn parties next assert that "there are no issue- or claim-preclusion princip[le]s under which the outcome of the Adversary Proceeding could bear on the disposition of this case[,]" because they "are not parties to, or in privity with the parties to, the Adversary Proceeding[.]" Opposition at 2. This is incorrect. The Meriturn parties are in privity with the Prime entities that are parties to the Adversary Proceeding, Reply at 2 n.1; *see also In re El San Juan Hotel Corp.*, 841 F.2d 6, 10 (1st Cir. 1988) (claim preclusion appropriate if new party has close and significant relationship with original party), but privity would not be the decisive factor in any event. That is because the bankruptcy court's ruling on the Release Agreement would be binding on the Kaplan parties, potentially mooting their claims in this action. Thus, the case law cited by the Meriturn parties, Opposition at 2, is not on point.

The Meriturn parties also cite a case from the District of Massachusetts for the proposition that the party requesting a stay must "make out a clear case of hardship or inequity in being required to go forward," *Steele v. Ricigliano*, 789 F.Supp.2d 245, 248 (D. Mass. 2011), which the Kaplan parties have not done here. *Id*. at 4. However, the Supreme Court opinion cited by the Massachusetts court for this principle actually provides that "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, *if there is even a fair possibility that the stay for which he prays will work damage to someone else*." *Landis v. North American Co.*, 299 U.S. 248, 255 (1936) (emphasis added). Here, the Meriturn parties have made no attempt to show that the requested stay will cause them any damage beyond the delay inherent in any stay. On the other hand, if a stay is not granted and the court

4

decides the motion to dismiss, it is quite possible that the court's time and effort will ultimately prove to have been wasted in that exercise.

This court "enjoys inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (citing *Landis*, 299 U.S. at 254). The First Circuit has noted that the pendency of a related proceeding in another tribunal is "a typical reason" for a stay of proceedings, again citing *Landis*. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

Under the circumstances of this case, it seems wise to avoid the possibility of inconsistent outcomes within this District, particularly when there has been no showing that a stay will harm either side of this dispute unduly, *see generally Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2d Cir. 2001), and it is likely that any ruling by the bankruptcy court in the related case will be appealed to this court.

### III. Conclusion

For the foregoing reasons, the motion to stay (ECF No. 16) is **GRANTED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 31st day of January, 2014.

/s/ John H. Rich III
John H. Rich III
U.S. Magistrate Judge