UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IRVING ACQUISITION, INC., et al.,  )
  )
       Plaintiff,  )
  )
       v.  )     2:13-cv-00271-JAW
  )     2:13-cv-00275-JAW
MARJORY A. KAPLAN, et al.,  )
  )
       Defendant.  )

**ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S
MEMORANDUM DECISION**

On January 31, 2014, Magistrate Judge Rich issued a memorandum decision granting a motion to stay advanced by the Kaplan Parties[1] in this case. *Mem. Dec. on Motion to Stay* (ECF No. 27). The Meriturn Defendants[2] opposed this motion, and now file a "limited objection" to the Memorandum Decision. *Limited Objection to Magistrate Judge's Mem. Dec. on Mot. to Stay* (ECF No. 28). They limit their objection to a request to strike one sentence from the Memorandum Decision regarding whether they were in privity with certain entities in the related bankruptcy proceeding. *Id.* at 4. The Meriturn Defendants are concerned that the Magistrate Judge's comment about privity will become "law of the case," and prejudice them at later proceedings. *Id.* at 5. They also object to the substance of

---

[1] The "Kaplan Parties" are Michael W. Kaplan, M. Stephen Kaplan, Marjory A. Kaplan, Glenyce S. Kaplan Lifetime Trust-1994, Prime Tanning Co., Inc. Voting Trust 1994, Estate of Leonard D. Kaplan, Steven A. Goldberg, Glenyce S. Kaplan, Eliseo Pombo, and Robert P. Moore. *Mem. Dec.* at 1.
[2] The "Meriturn Defendants" are Meriturn Partners, LLC, Mark W. Kehaya, Franklin Staley, and Lee C. Hansen. *Id.* at 2.

the privity conclusion.  *Id.* at 5-9.  The Kaplan Parties oppose the objection, arguing that the Magistrate Judge's comment about privity does not give rise to law of the case and is correct on the merits.  *Id.* at 1-2.

The Magistrate Judge's comments regarding privity were:

> The Meriturn parties next assert that "there are no issue- or claim-preclusion princip[le]s under which the outcome of the Adversary Proceeding could bear on the disposition of this case[,]" because they "are not parties to, or in privity with the parties to, the Adversary Proceeding[.]" Opposition at 2. This is incorrect. The Meriturn parties are in privity with the Prime entities that are parties to the Adversary Proceeding, Reply at 2 n.1; *see also In re El San Juan Hotel Corp.*, 841 F.2d 6, 10 (1st Cir. 1988) (claim preclusion appropriate if new party has close and significant relationship with original party), but privity would not be the decisive factor in any event. That is because the bankruptcy court's ruling on the Release Agreement would be binding on the Kaplan parties, potentially mooting their claims in this action. Thus, the case law cited by the Meriturn parties, Opposition at 2, is not on point.

*Mem. Dec.* at 4.

The Magistrate Judge's statement about privity is not law of the case for purposes of future proceedings.  As the Magistrate Judge wrote, "privity would not be the decisive factor."  *Id.*  As it was not necessary to determine whether the Meriturn parties were in privity with the Prime in order to rule on the motion to stay, the Magistrate Judge's observation about privity was not a decision "upon a rule of law" that binds subsequent proceedings.  *Negrón-Almeda v. Santiago*, 579 F.3d 45, 50 (1st Cir. 2009).

With that clarification, it is unnecessary to strike anything from the Memorandum Decision, and the Meriturn Defendants offer no other objection.  The Court OVERRULES the Meriturn Defendants' Limited Objection (ECF No. 28).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2014